UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOHANN PINEDA,

                        Petitioner,          10 Civ. 02385 (RJH) (JCF)

      -against-

                                        **ORDER**

UNITED STATES OF AMERICA,

                        Respondent.

------------------------------------------------------------

Richard J. Holwell, District Judge:

       On October 25, 2010, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that the Court dismiss this petition for a writ of habeas corpus of petitioner Johann Pineda. On November 3, 2010, Pineda filed his objections to the Report. The Court finds the Report to be a well-reasoned and correct application of the relevant law, and hereby adopts it in full. Pineda's petition is denied with prejudice.

       The district court adopts a Magistrate Judge's Report and Recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions to which a specific objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Laboratory Corp. of America*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in

whole or in part recommendations of the Magistrate Judge.  *Watkins v. Artus*, No. 08 Civ. 5891, 2010 WL 5060883, at *1 (S.D.N.Y. Dec. 8, 2010).  However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Davila v. Bradt*, No. 08 Civ. 3227, 2011 WL 611881 at *1 (S.D.N.Y. Feb. 17, 2011) ("[N]o party [will] be allowed a second bite at the apple by simply relitigating a prior argument.").

      Pineda makes one specific objection to the Report: that his allegations in his affidavit submitted with his petition were not "merely conclusory," as characterized by Judge Francis.  (Pet'r's Objection at 2.)  Judge Francis's Report, however, does not, in any part, characterize Pineda's assertions as "conclusory."  The closest the Report comes to such a characterization is in finding that no evidentiary hearing is required in dismissing a Section 2255 habeas petition when, *inter alia*, the petitioner's allegations contradict the record or his sworn statements made in open court.  (Report at 8-9); *see also Brown v. United States*, 637 F. Supp. 2d 212, 223 (S.D.N.Y. 2009) ("[Petitioner's] claims of ineffective assistance of counsel in connection with his guilty plea are . . . contradicted by the record . . . and therefore are merit less."); *Chen v. United States*, No. 06 Civ. 7159, 2007 WL 4358466, at *3 (S.D.N.Y. Dec. 7, 2007) ("the court is permitted to rely upon [petitioner's] sworn statements, made in open court, that: his plea was knowing and voluntary [and] he discussed the plea with his attorney . . . . Because [petitioner's] sworn statements directly contradict his more recent self-serving allegations, his ineffective assistance claim is dismissed.").  That Judge Francis quoted some case law that characterized the petitioners' allegations in those cases as

"conclusory," (*see* Report at 8-9), does not, in transitive fashion, characterize Pineda's assertions as such.  In any event, Judge Francis's analysis of Pineda's contentions (e.g. that his lawyer did not give him enough time to understand his plea agreement and that he did not understand English (*see* Petition Mem. of Law at 3-4)), is entirely correct—those allegations are directly contradicted by Pineda's sworn statements before District Judge Gerald E. Lynch, on the record, that he understood English and the agreement, and was satisfied with it and his counsel's representation.  (*See* Report at 4-7); *See also Wang v. United States*, No. 10 Civ. 4425, 2011 WL 73327, at *1 (E.D.N.Y. Jan. 10, 2011) ("Because I find that [petitioner's] allegations are not credible, as they contradict the record and . . . [petitioner's] statements on the record at his guilty plea hearing, I dismiss the petition.").

   Pineda also argues (1) that "it is common knowledge that foreign Nationals who are unfamiliar and/or uncomfortable in a foreign language have a tendency to answer in the affirmative and/or negative to any given question in an effort to attempt to please the questioner," and (2) that counsel was ineffective.  (Pet'r's Objection at 1, 2.)  Neither of these arguments, however, make any objection to Judge Francis's findings; instead they simply reiterate arguments asserted in Pineda's petition and addressed in the Report. (*Compare id*. at 1 (stating that foreigners for whom English is not a first language commonly answer "yes" without understanding the question) *and id.* at 2 (highlighting grounds on which counsel was deficient) *with* Report at 11 (noting that Pineda's allegation of poor understanding of English is contradicted by his statement to Judge Lynch that he understood English and the plea agreement) *and id*. at 9-11 (discussing and

3

rejecting the same grounds for ineffective assistance).) The Court thus reviews the Report only for clear error. *Lucas v. Conway*, No. 08 Civ. 8405, 2011 WL 710609, at *1 (S.D.N.Y. Feb. 25, 2011); *Davila*, 2011 WL 611881, at *1. The Court has carefully considered Judge Francis's Report and finds no error in it.

The Court hereby adopts the Report in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED

Dated: New York, New York
April 11, 2011

Richard J. Holwell
United States District Judge